**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**In Re Graco TurboBooster**                  **MDL No. _____**
**Litigation**

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR TRANSFER OF
ACTIONS PURSUANT TO 28 U.S.C. §1407**

**I.**      **BACKGROUND**

On September 6, 2011, Plaintiff Christina M. Robinson, the named plaintiff in the

action of *Christina M. Robinson v. Graco Children's Products, Inc. and Newell*

*Rubbermaid, Inc.*, Civil Action No. 2:11-cv-02379-RMG (D.S.C.) (the "South Carolina

Action"), filed her Complaint alleging breach of express warranties and fraudulent

concealment arising from common design defects present in the TurboBooster child

safety seat which was sold to Plaintiff and class members in South Carolina.  A copy of

the South Carolina Action's Complaint and Docket Sheet is attached hereto as **Exhibit A**.

On October 11, 2011, Defendants filed a Motion to Dismiss for Failure to State a Claim.

The South Carolina Action is one of two actions currently pending in the United

States courts alleging these violations.  The other action is:

- *Margaret Lamb and Eileen M. Buser v. Graco Children's Products, Inc. and*
  *Newell Rubbermaid, Inc.*, Civil Action No. 4:11-cv-00477-RH-WCS (N.D. Fla.)
  (the "Florida Action");

A copy of the Florida Action's Complaint and Docket Sheet is attached hereto as

**Exhibit B**.

For the reasons set forth below, Plaintiff in the South Carolina Action has now

moved the Panel pursuant to 28 U.S.C. § 1407 to transfer the Florida Action identified

above to the District of South Carolina, Charleston Division, for consolidation or co-ordination with the South Carolina Action before the Hon. Richard M. Gergel.

## II.    ARGUMENT

### A.  These Actions Are Appropriate For Transfer And Pretrial Coordination Under 28 U.S.C. § 1407

Title 28, section 1407(a) of the United States Code provides, "When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings."  28 U.S.C. § 1407(a).  The Panel "shall" make such transfers when the judicial panel determines that the transfer of the proceedings will further "the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions."  *Id*.  As explained below, transfer is appropriate here.

#### 1.   The Questions Of Fact Involved In These Cases Are Similar

The South Carolina Action and Florida Action involve common questions of fact. As seen from a comparison of the Complaints, these actions are premised on common factual allegations surrounding the improper design and manufacture of the TurboBooster child safety seat.  Moreover, the proposed classes, class periods and Defendants overlap, are parallel, or are identical in most instances.

The Panel has long recognized that overlapping and parallel class actions asserting similar claims and based upon similar facts are particularly well suited for consolidation pursuant to Section 1407.  *See*, *e.g.*, *In re Nat'l Airlines, Inc. Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 399 F. Supp. 1405, 1406-07 (J.P.M.L. 1975) (where common factual issues exist "transfer under Section 1407 is clearly necessary in order to prevent duplicative discovery"); *In re Ryder Truck Lines,*

2

*Inc. Employment Practices Litig.*, 405 F. Supp. 308, 309 (J.P.M.L. 1975) (Section 1407

treatment necessary to prevent duplicative discovery and inconsistent pretrial rulings).

> 2. Coordination Or Consolidation Of These Actions Will Promote Just And
> Efficient Conduct Of The Actions

Centralization or consolidation of these pending cases will also promote the just

and efficient conduct of the lawsuits by allowing pre-trial motions, discovery, and class

certification to be resolved by a single tribunal, thereby avoiding inconsistent rulings.

*See*, *e.g.*, *In re Cross-Florida Barge Canal Litig.*, 329 F. Supp. 543, 544 (J.P.M.L. 1971)

(two actions consolidated in order to "eliminate the likelihood of repetitive discovery . . .,

serving the convenience of the parties and witnesses and furthering the just and efficient

conduct of the litigation").[1]

The various pretrial disputes likely to arise in these cases will be the same (e.g.,

issues concerning the sufficiency of the pleadings, issues concerning the nature and scope

of discovery, and questions regarding privilege).  *See In re Multi-Piece Rim Prods. Liab.*

*Litig.*, 464 F. Supp. 969, 974 (J.P.M.L. 1979) (consolidation was necessary to "eliminate

the possibility of conflicting pretrial rulings concerning . . .  common factual issues"); *In*

*re First Nat'l Bank, Heavener, Okla., Sec. Litig.*, 451 F. Supp. 995, 997 (J.P.M.L. 1978)

(transfer "necessary, even though only two actions are involved, in order to prevent

duplicative pretrial proceedings and eliminate the possibility of inconsistent pretrial

rulings").  Consolidation or coordination will also ensure that the parties to these lawsuits

are not subject to inconsistent pretrial rulings regarding class certification.  The Panel has

---

[1] *See also In re St. Jude Med., Inc., Silzone Heart Valves Prods. Liab. Litig.*, Dkt. No. 1396, 2001 U.S. Dist. LEXIS 5226, at \*3 (J.P.M.L. Apr. 18, 2001) (cases centralized to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve resources); *In re Am. Online, Inc. Version 5.0 Software Litig.*, Dkt. No. 1341, 2000 U.S. Dist. LEXIS 13262, at \*3-4 (J.P.M.L. June 2, 2000) (same); *In re GMC Type III Door Latch Prods. Liab. Litig.*, Dkt. No. 1266, 1999 U.S. Dist. LEXIS 5075, at \*2 (J.P.M.L. Apr. 14, 1999) (same); *In re Chrysler Corp. Vehicle Paint Litig.*, Dkt. No. 1239, 1998 U.S. Dist. LEXIS 15675, at \*2 (J.P.M.L. Oct. 2, 1998) (same).

"consistently held that transfer of actions under §1407 is appropriate, if not necessary, where the possibility of inconsistent class determination exist."  *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975); s*ee also In re America Online*, 2000 U.S. Dist. LEXIS 13262, at *3-4 (centralization necessary "in order to…prevent inconsistent pretrial rulings . . . with respect to overlapping class certification issues"); *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig*., 844 F. Supp. 1553, 1554 (J.P.M.L 1994) (same).

Because the class allegations in these cases are similar, the arguments presented both for and against certification will be similar.  Thus, there will be a significant possibility of inconsistent rulings on class certification and other class action-related issues if these cases are not coordinated or consolidated, not to mention unnecessary duplication of effort by the parties and the courts.  The potential for inconsistent class rulings amplifies the need to have a single judge oversee the class action issues.  *See See In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981).

Transfer here is appropriate because of the complexity of this litigation and because any later-filed duplicative lawsuits could expediently be included as "tag-along" cases.  *See In re Gas Meter Antitrust Litig*., 464 F. Supp. 391 (J.P.M.L. 1979) (major reason for the Panel's transfer order was the salutary effect of providing a ready forum for the inclusion of expected newly filed actions).

The pending cases present complex factual and legal issues such that transfer and consolidation are particularly desirable.  *See* C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE §3863 ("In particular large complex multidistrict class actions, it has been argued that it is especially important to order pretrial consolidation;

4

this will enable a single judge to restrict 'disjoined actions into what can be termed a "super class action" [, which] may be the only form in which the litigation can be handled by the judicial system.)'" (internal citation omitted).  These cases involve complex factual and legal issues, and the parties, witnesses, and judicial system will benefit from having them, and any tag-along actions, coordinated or consolidated to avoid duplicative discovery and motion practice.  *See In re Cuisinart*, 506 F. Supp. at 655 (holding that difficult issues surrounding class certification warrant transfer).  Therefore, for the sake of judicial efficiency, it is important that these actions be centralized and that pretrial proceedings be coordinated or consolidated.

3.   Coordination Or Consolidation Of These Actions Will Serve The Convenience Of Parties And Witnesses

Coordination or consolidation of these cases will serve the "convenience of [the] parties and witnesses." *See* 28 U.S.C. § 1407(a).  Because the allegations and parties of the South Carolina Action and the Florida Action overlap, without coordination or consolidation, discovery will be duplicative, as documents will need to be produced and witnesses will need to be deposed in each of the actions.  Coordination or consolidation would eliminate duplication by enabling a single judge to formulate a pretrial program that would coordinate discovery, and thereby minimize witness inconvenience and reduce expenses.  *See In re A.H. Robins Co., Inc., "Dalkon Shield" IUD Prods. Liab. Litig*., 406 F. Supp. 540, 542  (J.P.M.L. 1975) (transfer "necessary in order to prevent duplication of discovery"); *In re Cuisinart*, 506 F. Supp. at 655 (transfer would "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities").

5

**B.  The District Of South Carolina Is An Appropriate Venue For Coordination Or Consolidation**

The proper venue for the proposed MDL is the District of South Carolina.  The South Carolina Action was the first action to be filed.  South Carolina is also centrally located in that Defendants have headquarters on the East Coast, and both the South Carolina and Florida Action are pending in the Southeast (South Carolina and Florida).

Further, the Panel has previously found the District of South Carolina to be an appropriate venue for multidistrict litigation.  *See, e.g.*, *In re Thaxton Group Inc., Sec. Litig.*, 323 F. Supp. 2d 1374 (J.P.M.L. 2004); *In re Electrical Receptacle Prods. Liab. Litig.*, 313 F. Supp. 2d 1378 (J.P.M.L. 2004); *In re Household Goods Movers Antitrust Litig.*, 502 F. Supp. 2d 1356 (J.P.M.L. 2007).

**III.  CONCLUSION**

For the reasons set forth above, the Panel should, pursuant to 28 U.S.C. § 1407, transfer the Florida Action to the District of South Carolina, Charleston Division, for consolidation or coordination with the South Carolina Action before the Honorable Richard M. Gergel.

Dated:  October 21, 2011                          Respectfully submitted,


  s/ T. Christopher Tuck
T. Christopher Tuck
ctuck@rpwb.com
A. Hoyt Rowell, III
hrowell@rpwb.com

RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN LLC
PO Box 1007
Mt. Pleasant, SC  29465
(843) 727-6500
(843) 216-6509 – facsimile

**Counsel for Plaintiff Christina M. Robinson**
*Robinson v. Graco Children's Products, Inc. and Newell Rubbermaid, Inc.*
Civil Action No. 2:11-cv-02379-RMG